**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

Samuel Joseph Wurzelbacher         :

                                  :

           Plaintiff,             :

                                  :      Civil Action No.: 2:09-cv-162

            v.                    :

                                  :      Judge

Helen Jones-Kelly, et al.            :

                                  :      Mag. Judge

           Defendants.          :

**ANSWER TO PLAINTIFF'S COMPLAINT
WITH JURY DEMAND ENDORDED HEREON**

     Defendant, Helen Jones-Kelly, ("Answering Defendant"), answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

2.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

3.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

4.      Answering Defendant admits that she was the Director of the Ohio Department of Job and Family Services. Answering Defendant is without out knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 4.

5.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

6.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

7.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

8.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

9.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

10.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

11.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

12.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

13.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

14.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

15.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

16.     Answering Defendant admits that ODJFS administers a wide range of State programs. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

17.    Answering Defendant admits that ODJFS maintains certain confidential data bases. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

18.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

19.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

20.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

21.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

22.    Answering Defendant specifically denies the allegations, as stated, in Paragraph 22 of the Plaintiff's Complaint.

23.    Answering Defendant specifically denies the allegations, as stated, in Paragraph 23 of the Plaintiff's Complaint.

24.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

25.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

26.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

27.    Answering Defendant specifically denies the allegations, as stated, in Paragraph 27 of the Plaintiff's Complaint.

28.    Answering Defendant specifically denies the allegations, as stated, in Paragraph 28 of the Plaintiff's Complaint.

29.   Answering Defendant admits that she made a contribution of $2,500.00 to Senator Obama's Presidential campaign.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

30.   Answering Defendant admits that the Ohio Inspector General conducted an investigation and finalized a report.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

31.   Answering Defendant admits that the report completed by the Ohio Inspector General makes a statement on Page 10.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

32.   Answering Defendant admits that the Ohio Inspector General report speaks to itself. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

33.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

34.   Answering Defendant admits that the Ohio Inspector General completed a report. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

35.   Answering Defendant admits that the Ohio Inspector General made a report. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

36.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

37.   Answering Defendant did resign her position in December of 2008.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

38.   Defendant answers Paragraphs 1 through 37 as previously stated.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

39.   Answering Defendant admits that she was an employee of the State of Ohio. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

40.   Answering Defendant admits the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

42.   Answering Defendant specifically denies the allegations, as stated, in Paragraph 42 of the Plaintiff's Complaint.

43.   Answering Defendant specifically denies the allegations, as stated, in Paragraph 43 of the Plaintiff's Complaint.

44.   Answering Defendant specifically denies the allegations, as stated, in Paragraph 44 of the Plaintiff's Complaint.

45.   Answering Defendant specifically denies the allegations, as stated, in Paragraph 45 of the Plaintiff's Complaint.

46.   Defendant answers Paragraphs 1 through 45 as previously stated.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

47.   Defendant answers Paragraphs 1 through 46 as previously stated.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

48.   Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Plaintiff's Complaint, and said allegations are, therefore, denied.

49.   Answering Defendant specifically denies the allegations, as stated, in Paragraph 49 of the Plaintiff's Complaint.

50.    Answering Defendant specifically denies the allegations, as stated, in Paragraph 50 of the Plaintiff's Complaint.

51.    Answering Defendant specifically denies the allegations, as stated, in Paragraph 51 of the Plaintiff's Complaint.

52.    Answering Defendant specifically denies the allegations, as stated, in Paragraph 52 of the Plaintiff's Complaint.

53.    Answering Defendant denies each and every allegation contained in Plaintiff's Complaint, not specifically admitted to.

## SECOND DEFENSE

54.    Plaintiff fails to state a claim against this Defendant upon which relief may be granted.

## THIRD DEFENSE

55.    Defendant, Helen-Jones Kelly, is absolutely and/or qualifiedly immune from suit under both federal and state law.

## FOURTH DEFENSE

*56.*    Any and all state claims are barred by O.R.C. §2744.01, *et seq.*

## FIFTH DEFENSE

57.    All or part of the Complaint is barred by the applicable statute of limitations and/or common law doctrine of laches.

## SIXTH DEFENSE

58.    Defendant alleges that at all times pertinent herein, she acted lawfully, properly, in good faith and with due and probable cause.  As a result thereof, the Plaintiff's claims should be dismissed

## SEVENTH DEFENSE

59.    At all times pertinent herein, Defendant acted with lawful privilege.

## EIGHTH DEFENSE

60.    Plaintiff's action may be barred by the doctrine set forth in Heck v. Humphries.

6

**NINTH DEFENSE**

61.     The Complaint fails to join parties and claims required to be joined by Fed.R.Civ.P. 19, without limitation, subrogees and subrogated claims.

**TENTH DEFENSE**

62.     The injuries and damages allegedly sustained by Plaintiff, if any, are the direct and proximate result of the negligence and assumption of the risk of Plaintiff and/or the intentional illegal conduct of Plaintiff.

**ELEVENTH DEFENSE**

63.     The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of the independent acts of Plaintiff or other third parties over whom Answering Defendant had no control.

**TWELFTH DEFENSE**

64.     Plaintiff has failed to mitigate and/or minimize her damages, if any.

**THIRTEENTH DEFENSE**

65.     Plaintiff's claims are barred by the doctrines of *res judicata*, collateral estoppel, issue preclusion and/or claim preclusion.

**FOURTEENTH DEFENSE**

66.     Plaintiff's claims are barred by the intra-corporate conspiracy doctrine.

**FIFTEENTH DEFENSE**

67.     Defendant alleges that the Plaintiff's claims against her are barred by the doctrines of sovereign and/or official immunity.

**SIXTEENTH DEFENSE**

68.     Defendant alleges a reasonable belief in the lawfulness of her conduct with no intentional, reckless or other disregard or foreseeability of a deprivation of any rights of the Plaintiff, all Plaintiff's allegations of which are specifically denied.

## SEVENTEENTH DEFENSE

69.    Defendant alleges that Plaintiff's claim for punitive damages is barred and/or limited by the provisions of the United States Constitution, the Ohio Constitution, and other applicable statues and decisions.

## EIGHTEENTH DEFENSE

70.    Defendant alleges that Plaintiff's claims are subject to the reduction pursuant to Revised Code § 2744.05.

## NINETEENTH DEFENSE

71.    Defendant alleges that Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel and/or consent.

## TWENTIETH DEFENSE

72.    Defendant alleges that at all time she acted in the good faith discharge of her official and lawful duties in accordance with the Constitution of the United States, the Constitution of the State of Ohio, all Ohio Statutory Provisions, and all state and local laws relative thereto.

## TWENTY-FIRST DEFENSE

73.    This Answering Defendant specifically reserves the right to assert additional defenses based upon information which may become known after the filing of this Answer and through discovery.

## TWENTY-SECOND DEFENSE

74.    Plaintiff has no standing to bring the instant action, as the named Plaintiff is the wrong indivudal and his allegations are groundless and his claims are in error.

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed and that judgment be entered in her favor, together with the costs of suit.

Respectfully submitted,


_____s/James D. Gilbert_____
James D. Gilbert, Esq. (0007624)
Law Office of James D. Gilbert, LLC
425 Metro Place North, Ste. 460
Dublin, Ohio 43017
Telephone:  (614) 766-5423
Facsimile:  (614) 766-6418
Attorney for Defendant Helen Jones-Kelly




## JURY DEMAND

Defendant, Helen Jones-Kelly, hereby demands a trial by jury as to all issues raised herein.


_____s/James D. Gilbert_____
James D. Gilbert, Esq. (0007624)

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2009, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following;

David R. Langdon, Esq.
11175 Reading Road, Ste. 104
Cincinnati, Ohio  45241
Attorney for Plaintiff

Paul J. Orfanedes
(*Pro Hac Vice* Application to be filed)
James F. Peterson
(*Pro Hac Vice* Application to be filed)
JUDICAL WATCH, INC.
501 School Street, Ste. 500
Washington, D.C.  20024


_____s/James D. Gilbert_____
James D. Gilbert, Esq. (0007624)