

FILED
JAMES BONINI
CLERK

09 AUG 11 AM 11: 15

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION at Columbus

| | |
|---|---|
| SAMUEL JOSEPH WURZELBACHER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:09-cv-162 |
| ) | |
| ) | |
| v. ) | |
| ) | |
| HELEN JONES-KELLEY, ET AL ) | |
| ) | ANSWER OF DEFENDANT, DOUG |
| Defendants. ) | THOMPSON TO PLAINTIFF'S COMPLAINT |
| ) | (with Jury Demand Endorsed Hereon) |

Defendant Doug Thompson, hereby answers and responds to the Complaint filed by the Plaintiff Samuel Joseph Wurzelbacher, as follows:

## FIRST DEFENSE

1. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, and 3 and, therefore, does hereby deny the allegations contained in paragraphs 1, 2, and 3.

2. This answering Defendant does admit so much of paragraph 4 of Plaintiff's Complaint as to admit that Defendant Jones-Kelly was the Director of the Ohio Department of Job and Family Services but denies for want of knowledge the remaining allegations contained in paragraph 4.

3. This answering Defendant does admit so much of paragraph 5 of Plaintiff's Complaint as to admit that Defendant Fred Williams was an Assistant Director of the Ohio Department of Job and Family Services but denies for want of knowledge the remaining allegations of paragraph 5 of Plaintiff's Complaint.

4. Further answering, this answering Defendant does admit that he was a Deputy Director of Child Support within the Ohio Department of Job and Family Services but does deny for want of knowledge the remaining allegations of paragraph 6 of Plaintiff's Complaint.

5. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, and 15 of Plaintiff's Complaint and therefore, does deny the allegations contained in those enumerated paragraphs.

6. This answering Defendant does admit that the ODJFS administers a wide range of State programs, maintains certain confidential data bases, and further indicates that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 16 and 17 of Plaintiff's Complaint and, therefore, does deny said allegations.

7. This answering Defendant does indicate that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18, 19, 20 and 21 of Plaintiff's Complaint and therefore, does deny said allegations for want of knowledge thereof.

8. This answering Defendant does specifically deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

9. This answering Defendant does specifically deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

10. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint and therefore does deny the allegations therein for want of knowledge thereof.

11. This Defendant does indicate that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 25 and 26 of Plaintiff's Complaint and, therefore, does deny said allegations for want of knowledge thereof.

12. This Defendant does specifically deny the allegations contained in paragraph 27 and 28 of Plaintiff's Complaint.

13. This answering Defendant does indicate that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint and, therefore, denies the allegations therein contained.

14. This Defendant does admit that the Ohio Inspector General conduct an investigation and finalize the report as alleged in paragraph 30 of Plaintiff's Complaint but is without knowledge or information sufficient to respond to the remaining allegations of paragraph 30 and, therefore, does deny the remaining allegations of paragraph 30 of Plaintiff's Complaint.

15. This answering Defendant admits that a report completed by the Ohio Inspector General makes a statement on page 30 but indicates that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 and, therefore, does deny those remaining allegations.

16. This answering Defendant does admit that certain conclusions were made by the Ohio Inspector General but does not agree with those conclusions nor does he have sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 32 of Plaintiff's Complaint and denies same.

17. This answering Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 33 of Plaintiff's Complaint and, therefore, denies said allegations for want of knowledge thereof.

18. This answering Defendant does indicate that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 34, 35, 36, and 37 of Plaintiff's Complaint and, therefore, does deny the allegations contained therein for want of knowledge thereof.

19. This Defendant does further answer by admitting and/or denying and/or denying for want of knowledge thereof, the allegations contained in paragraphs 1 through 37 as previously stated hereinabove. Accordingly, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 38 of Plaintiff's Complaint and, therefore, denies same.

20. This answering Defendant does admit that he was an employee of the State of Ohio but further indicates that he is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 39 of Plaintiff's Complaint and, therefore, does deny same.

21. This answering Defendant does admit the allegations contained in paragraph 40 of Plaintiff's Complaint.

22. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint and said allegations are, therefore, denied.

23. This answering Defendant specifically denies the allegations stated and contained in paragraphs 42, 43, 44, and 45 of Plaintiff's Complaint.

24. This Defendant does further answer by admitting and/or denying and/or denying for want of knowledge thereof, the allegations contained in paragraphs 1 through 45 as previously stated hereinabove. Accordingly, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 46 of Plaintiff's Complaint and, therefore, denies same.

25. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Complaint and, therefore, denies same.

26. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint and, therefore, denies same.

27. This answering Defendant does specifically deny the allegations contained in paragraphs 49, 50, 51, and 52 of Plaintiff's Complaint.

28. This answering Defendant does further deny each and every allegation of Plaintiff's Complaint not specifically herein admitted to be true.

## SECOND DEFENSE

29. This answering Defendant does hereby state that Plaintiff's Complaint fails to state a claim against this answering Defendant upon which relief may be granted.

## THIRD DEFENSE

30. This answering Defendant is absolutely and/or qualifiedly immune from suit under both federal and state law.

## FOURTH DEFENSE

31. This answering Defendant asserts that any and all state claims are barred by Ohio Revised Code §2744.01, *et seq*.

## FIFTH DEFENSE

32. This answering Defendant does hereby assert to the Court that all or part of the Complaint filed by the Plaintiff herein is barred by the applicable statute of limitations and/or common law doctrine of laches.

## SIXTH DEFENSE

33. This answering Defendant does allege that at all times pertinent herein, he acted lawfully, properly, in good faith, and with due and probable cause and violated no rights whatsoever of any person, including the Plaintiff herein. As a result thereof, Plaintiff's Complaint should be dismissed.

## SEVENTH DEFENSE

34. At all times pertinent herein, this answering Defendant acted with lawful privilege.

## EIGHTH DEFENSE

35. This answering Defendant does hereby assert that Plaintiff's action may be barred by the doctrine set forth in Heck v. Humphries.

## NINTH DEFENSE

36. This answering Defendant does hereby state that Plaintiff's Complaint fails to join parties and claims required to be joined pursuant to the Federal Rules of Civil Procedure, in particular, Fed.R.Civ.P.19, without limitation, subrogees and subrogated claims.

## TENTH DEFENSE

37. This answering Defendant does hereby state that any alleged injuries or damages allegedly sustained by Plaintiff, if any, are the direct and proximate result of the negligence and assumption of the risk of Plaintiff and/or the intentional illegal conduct of the Plaintiff and/or the specific actions of the Plaintiff.

## ELEVENTH DEFENSE

38. This answering Defendant does assert that the alleged injuries and/or damages allegedly sustained by the Plaintiff are the direct and proximate result of the independent acts of Plaintiff or other third parties over whom this answering Defendant had no control.

## TWELFTH DEFENSE

39. This answering Defendant does further assert that Plaintiff has failed to mitigate and/or minimize his damages if any existed.

## THIRTEENTH DEFENSE

40. This answering Defendant does hereby assert that Plaintiff's claims are barred by the doctrine of res judicata, collateral estoppel, issue preclusion and/or claim preclusion.

## FOURTEENTH DEFENSE

41. This answering Defendant does further state that Plaintiff's claims are barred by the intra-corporate conspiracy doctrine.

## FIFTEENTH DEFENSE

42. This answering Defendant does hereby allege that Plaintiff's Complaint against him is barred by the doctrines of sovereign and/or official immunity.

## SIXTEENTH DEFENSE

43. This answering Defendant alleges a reasonable belief in the lawfulness of his conduct with no intentional, reckless or other disregard or foreseeability of a deprivation of any rights of the Plaintiff, all Plaintiff's allegations of which are specifically denied.

## SEVENTEENTH DEFENSE

44. This answering Defendant does further allege that Plaintiff's claim for punitive damages is barred and/or limited by the provisions of the United States Constitution, the Ohio Constitution, and other applicable statutes and decisions, both federal and state.

## EIGHTEENTH DEFENSE

45. This answering Defendant does further assert and allege that Plaintiff's claims are subject to the reduction pursuant to Revised Code §2744.05.

## NINETEENTH DEFENSE

46. This answering Defendant does assert and allege that Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel and/or consent.

## TWENTIETH DEFENSE

47. This answering Defendant alleges that at all times he acted in the good faith discharge of his official and lawful duties in accordance with the Constitution of the State of Ohio, the Constitution of the United States, and all statutory provisions, and all state and local laws relative thereto.

## TWENTY-FIRST DEFENSE

48. This answering Defendant specifically reserves the right to assert additional defenses based upon information which may become known after the filing of this Answer and through discovery.

## TWENTY-SECOND DEFENSE

49. This answering Defendant does specifically assert that Plaintiff has no standing to bring the instant action, as the named Plaintiff is the wrong individual and his allegations are groundless and his claims are in error.

WHEREFORE, Defendant Doug Thompson does hereby demand that Plaintiff's Complaint be dismissed and that judgment be entered in his favor, together with all costs of this suit.

Respectfully submitted,

RONALD D. KEENER COMPANY L.P.A.

BY: _____
RONALD D. KEENER (#0002145)
ATTORNEY FOR DEFENDANT,
DOUG THOMPSON
125 West Main Street
New Lebanon, OH 45345
(937) 687-1388
(937) 687-1451 FAX

## JURY DEMAND

Defendant, Doug Thompson, does hereby demand a trial by jury of all issues raised herein.

_____
RONALD D. KEENER (#0002145)
Attorney for Defendant, Doug Thompson

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served upon the following on this ___ day of AUGUST, 2009, by ordinary U.S. Mail, postage prepaid:

David R. Langdon, Esq
11175 Reading Road, Ste 104
Cincinnati, OH 45241
Attorney for Plaintiff

James D. Gilbert, Esq
425 Metro Place North, Ste 460
Dublin, OH 43017
Attorney for Defendant
Helen Jones-Kelley

Paul J. Orfanedes
James F. Peterson
JUDICIAL WATCH, INC.
501 School Street, Ste 500
Washington, D.C. 20024

RONALD D. KEENER (#0002145)
Attorney for Defendant, Doug Thompson