# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Samuel Joseph Wurzelbacher,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:09-cv-162 |
| | : | |
| v. | : | District Judge Marbley |
| | : | |
| **Helen Jones-Kelley, et al.,** | : | Magistrate Judge King |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANT FRED WILLIAMS TO PLAINTIFF'S COMPLAINT

Defendant Fred Williams ("this Defendant") answers Plaintiff's Complaint ("the Complaint") as follows:

### FIRST DEFENSE

1-2. In response to the allegations contained in Paragraphs 1 and 2 of the Complaint, this Defendant can neither admit nor deny Plaintiff's characterization of his Complaint, and avers that the sufficiency of the Complaint must speak for itself.

3. Denies for lack of knowledge the allegations contained in Paragraph 3 of the Complaint.

4. Admits the allegation contained in Paragraph 4 of the Complaint that Defendant Jones-Kelley was formerly the Director of ODJFS, denies for lack of knowledge the remaining allegations contained in the first sentence of Paragraph 4, and in response to the allegations

contained in the remainder of Paragraph 4, can neither admit nor deny Plaintiff's characterization of his Complaint, and avers that the sufficiency of the Complaint must speak for itself.

5. Admits the allegations contained in the first sentence of Paragraph 5 of the Complaint, and in response to the allegations contained in the remainder of Paragraph 5, can neither admit nor deny Plaintiff's characterization of his Complaint, and avers that the sufficiency of the Complaint must speak for itself, but avers that at all times pertinent to this litigation, he acted in his official capacity only.

6. Admits the allegation contained in Paragraph 4 of the Complaint that Defendant Doug Thompson was Deputy Director of Child Support at ODJFS, denies for lack of knowledge the remaining allegations contained in the first sentence of Paragraph 4, and in response to the allegations contained in the remainder of Paragraph 4, can neither admit nor deny Plaintiff's characterization of his Complaint, and avers that the sufficiency of the Complaint must speak for itself.

7-14. Denies for lack of knowledge the allegations contained in Paragraphs 7, 8, 9, 10, 11, 12, 13, and 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint as to Defendant Thompson, and admits these allegations as to the other two Defendants.

16-18. Admits the allegations contained in Paragraphs 16, 17, and 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint as stated, and avers that the Revised Code and Ohio Administrative Code sections cited in Paragraph 19 speak for themselves.

20. Denies the allegations contained in Paragraph 20 of the Complaint as stated, and avers that access to confidential databases by ODJFS personnel is governed by state and federal statutes and regulations, and by internal ODJFS policies, which speak for themselves.

21. Denies for lack of knowledge the allegations contained in Paragraph 21 of the Complaint, and denies that this Defendant was trained in the areas referenced in Paragraph 21.

22. Admits the allegations contained in Paragraph 22 of the Complaint, with the exception of the implicit allegation that Defendants scheduled a meeting for the purpose of discussing Plaintiff, which this Defendant denies.

23. Admits the allegations contained in Paragraph 23 of the Complaint.

24. Denies for lack of knowledge the allegations contained in Paragraph 24 of the Complaint.

25. Admits the allegations contained in the first sentence of Paragraph 25 of the Complaint, and denies for lack of knowledge the remaining allegations contained in Paragraph 25.

26. Admits the allegations contained in Paragraph 26 of the Complaint only insofar as they allege conduct by this Defendant which Defendant admitted in response to Paragraph 25 above, and denies for lack of knowledge the remaining allegations contained in Paragraph 26.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies the allegations contained in Paragraph 28 of the Complaint as to this Defendant, and denies for lack of knowledge the allegations of Paragraph 28 as to the other Defendants, and avers that the other Defendants' conduct and statements in this Defendants' presence gave him no reason to conclude that there is any truth to these allegations against them.

29. Denies for lack of knowledge the allegations contained in the first sentence of Paragraph 29 of the Complaint as to this Defendant, because it is unclear what is meant by "supporter," but avers that this Defendant did not raise funds for the Obama campaign, contribute to that campaign, serve as a campaign volunteer, or arrange or attend any events for that campaign; denies for lack of knowledge the allegations contained in the first sentence of Paragraph 29 as to the other Defendants; and denies for lack of knowledge the remaining allegations contained in Paragraph 29.

30-35. Denies for lack of knowledge the allegations contained in Paragraphs 30, 31, 32, 33, 34, and 35 of the Complaint, and avers that the Inspector General's Report of Investigation quoted and cited in these paragraphs speaks for itself.

36. Denies the allegations contained in Paragraph 36 of the Complaint as to this Defendant, with the exception of the allegation that this Defendant was suspended without pay, which is admitted, and denies for lack of knowledge the allegations contained in Paragraph 36 as to the other Defendants.

37. Denies the allegation contained in the second sentence of Paragraph 37 of the Complaint that this Defendant resigned, avers that he retired at the end of January 2009, and denies for lack of knowledge the remaining allegations contained in Paragraph 37.

38. In response to Paragraph 38 of the Complaint, this Defendant incorporates his responses to Paragraphs 1 through 37 as if fully rewritten herein.

39-40. Admits the allegations contained in Paragraphs 39 and 40 of the Complaint.

41. Denies for lack of knowledge the allegations contained in Paragraph 41 of the Complaint.

42-45. Denies the allegations contained in Paragraphs 42, 43, 44, and 45 of the Complaint.

46. In response to Paragraph 46 of the Complaint, this Defendant incorporates his responses to Paragraphs 1 through 45 as if fully rewritten herein.

47. Admits the allegations contained in Paragraph 47 of the Complaint.

48. Denies the allegations contained in Paragraph 48 of the Complaint as stated, and avers that the Fourteenth Amendment to the United States Constitution and the case law interpreting it speak for themselves.

49-52. Denies the allegations contained in Paragraphs 49, 50, 51, and 52.

53. Denies any and all allegations of the Complaint not addressed in Paragraphs 1 through 52.

## SECOND DEFENSE

54. The Complaint fails to state a claim on which relief may be granted.

## THIRD DEFENSE

55. This Court lacks subject-matter jurisdiction over some or all of Plaintiff's claims.

## FOURTH DEFENSE

56. This Defendant has absolute or qualified immunity from Plaintiff's claims under state and federal law.

## FIFTH DEFENSE

57. The injuries and damages that Plaintiff allegedly sustained are the direct and proximate result of conduct by persons or entities other than this Defendant, over whom he exercised no authority or control.

### SIXTH DEFENSE

58. Plaintiff's claims, or some of them, are subject to the provisions of Ohio Revised Code Chapter 2743 relating to civil suits against the State of Ohio.

### SEVENTH DEFENSE

59. Some or all of Plaintiff's claims are barred by sovereign or official immunity.

### EIGHTH DEFENSE

60. Plaintiff has no standing to assert the claims in his Complaint.

### NINTH DEFENSE

61. This Defendant acted with a qualified or absolute privilege at all times pertinent to this action.

### TENTH DEFENSE

62. This Defendant acted in good faith and with a reasonable belief in the lawfulness of his actions.

### ELEVENTH DEFENSE

63. Because this Defendant acted without malice, recklessness, or an intent to deprive Plaintiff of his rights, Plaintiff is not entitled to punitive or exemplary damages.

### TWELFTH DEFENSE

64. This Defendant specifically reserves the right to assert additional defenses if and when they become known in the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Fred Williams respectfully requests that this Court dismiss the Complaint and award costs and attorneys' fees to Defendants.

Respectfully submitted,

RICHARD CORDRAY
Ohio Attorney General


 */s/* Peggy W. Corn
PEGGY W. CORN (0042197)
Assistant Attorney General
Education Section
30 E. Broad St., 16th Floor
Columbus, OH  43215
Telephone:  (614) 644-7250
Facsimile:  (614) 644-7634
Peggy.Corn@ohioattorneygeneral.gov

*Counsel for Defendant Fred Williams*

## JURY DEMAND

Defendant Fred Williams demands a trial by jury as to all issues raised herein that are triable to a jury.

 */s/* Peggy W. Corn
PEGGY W. CORN
Assistant Attorney General

7

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2009, the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

>  */s/* Peggy W. Corn
> PEGGY W. CORN
> Assistant Attorney General